IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-147-BO

| | |
|---|---|
| LYNDA COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FRANKLIN COUNTY and NICKI ) | |
| GRIFFIN, in her official capacity as ) | |
| Director of Franklin County Department of ) | |
| Social Services, ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion for summary judgment. A hearing was held on the matter before the undersigned on August 2, 2013, at Raleigh North Carolina, and the motion is ripe for ruling. For the reasons discussed below, defendants' motion is denied.

## PROCEDURAL HISTORY

Following removal of this action from Franklin County Superior Court, this Court granted defendants' motion to dismiss in part and dismissed Collins' claims under the Age Discrimination and Employment Act of 1967 and the Family Medical Leave Act of 1993, as well as her state law tort and negligence claims and claims against defendants Harris, McGhee-Young, and Griffin in her individual capacity; remaining are Collins' claims against Franklin County and defendant Griffin in her official capacity under the Americans with Disabilities Act (ADA) for discrimination and failure to accommodate. The Court further permitted Collins an opportunity to exhaust her administrative remedies and dismissed without prejudice defendants' motion for summary judgment.

Now before the Court is defendants' second motion for summary judgment as to Collins' remaining claims. Defendants contend that plaintiff cannot establish a *prima facie* case of wrongful discharge and discrimination under the ADA, and that, even if she could establish a *prima facie* case of discrimination or wrongful discharge, her claim fails as a matter of law because defendants have produced evidence of a legitimate, non-discriminatory reason for her demotion and termination. Defendants further contend that plaintiff has failed to establish a *prima facie* case of failure to accommodate under the ADA.

## BACKGROUND

Collins is a former income maintenance worker at the Franklin County Department of Social Services (DSS). In 2002, while employed by DSS, Collins was diagnosed with multiple sclerosis following an episode of vision loss. Collins' supervisors, defendant Griffin and Pamela Cooper, were aware of Collins' condition. In 2005, Collins was moved to the food stamps unit of DSS. Collins began to have difficultly completing her work assignments and in late 2007 and early 2008 started receiving write-ups due to paperwork errors and missing files. Collins requested that her job duties change to reduce her stress. Her supervisors agreed, and Collins was transferred from the review section to the intake section of the food stamps unit.

In April 2008 Collins received a second written warning from Griffin for documentation errors. On June 16, 2008, Collins participated in a pre-dismissal conference and was given thirty days to improve her performance or be terminated. During the conference Collins explained to Griffin that her multiple sclerosis was worsening and Griffin requested documentation from Collins' treating physician. Collins was again moved to a new position during this thirty-day trial period. Three days following Collins' start of the new position on June 23, 2008, another

2

pre-dismissal conference was held. Collins then met with her physician the morning of June 27, 2008, who informed Collins that her condition had worsened and that she would need to begin new treatments immediately, requiring her to be out of work for a month. While Collins was at her doctor's office on June 27, 2008, defendants terminated Collins and mailed her a termination letter.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Conclusory allegations are not, however, sufficient to defeat a motion for summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Genuine issues of material fact are in dispute in this matter such that summary judgment is not appropriate. Collins has proffered sufficient evidence to create a triable issue of fact as to whether her multiple sclerosis, a condition of which it is undisputed that defendants were aware, substantially limited a major life activity thereby causing her to fall within the ADA's protected class. *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184, 195-97 (2002). Indeed, "many courts

3

have recognized that relapsing-remitting conditions like multiple sclerosis, epilepsy, or colitis can constitute ADA disabilities depending on the nature of each individual case." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 618 (5th Cir. 2009).

Issues of material fact further exist in regard to whether defendants' proffered basis for Collins' termination – that Collins was not performing her duties in a way that met defendants' legitimate expectations – was merely pretextual. There is a dispute in the evidence as to when defendants became aware that Collins' work difficulties were related to her multiple sclerosis, and the fact that she was terminated while she was at an appointment with her neurologist, again, of which defendants were aware, certainly could be found to raise a specter of discrimination. Finally, though plaintiff sought a reasonable accommodation by asking to be transferred to a less stressful position, defendants terminated plaintiff without allowing her to complete her trial period in an intake-only position  Because the reasonableness of defendants' actions or purported accommodations cannot be decided as a matter of law on the evidence before the Court, defendants' motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, defendants' second motion for summary judgment [DE 35] is DENIED. The clerk is DIRECTED to set this matter for pretrial conference before United States Magistrate Judge Gates, and this matter shall be scheduled for the Court's September 2013 civil trial calendar.

SO ORDERED, this ___8___ day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4